McDonald v. Williams.

### John McDonald v. David Williams.

To enable the vendee of a chattel to recover damages for breach of the contract to deliver, he must prove payment or tender of the purchase money, or other performance of the contract, upon his own part.

A mere declaration of a vendor, to a third person, that he would not be able to deliver at the time agreed on, is not evidence of a breach on his part; but it might have the effect of relieving the vendee from liability for not being prepared to receive at the time appointed.

APPEAL from a judgment of the Sixth District Court.

The action was to recover damages for the breach of a contract for the sale and delivery of a horse by defendant to plaintiff. There was evidence tending to show that the horse was worth $300, while the purchase price agreed on was only $150; and the justice rendered judgment in favor of the plaintiff for $100 damages. The evidence relied on, to show a breach of the agreement by the defendant, appears in the opinion of the court.

*John Cook*, for the appellant

INGRAHAM, FIRST JUDGE.—The contract alleged to have been broken was for the sale of a horse, to be delivered in the after-

noon, at 5, P. M. The defendant was at the place of delivery at the hour, ready to deliver the horse, and the plaintiff was not there to accept it. The previous declaration of the defendant to a third person, that he would not be able to deliver at the time fixed, was not a breach of the contract, and, if it was entitled to any weight, could only be of use in relieving the plaintiff from liability for not being ready to receive and pay for the horse at the hour agreed on.

Under these circumstances, no breach of the contract was made out until a tender had been made, either by the defendant, of the horse, to fulfil the contract on his part, or by the plaintiff, of the money, to entitle him to damages for the non-delivery. Neither party, without doing the acts required, could maintain an action for breach of the contract.

Judgment reversed.